## LEYDEN *vs.* HICKMAN.

EJECTMENT, FROM CATOOSA. Fraud. Equity. Contracts. Equitable Pleadings. Venue. Jurisdiction. (Before Judge Fain.)

Blandford, J.—An action of ejectment was brought to recover land which had been sold to the defendant by the plaintiff and for which a bond for titles had been given, some of the purchase money remaining unpaid. The defendant pleaded as follows: He was induced to purchase the land by the false and fraudulent representations of the plaintiff that the tract contained six hundred acres, when in fact it containd only a little over three hundred acres. A part enclosed under fence near the Catoosa Springs did not belong to the plaintiff, and this, in a great measure, destroyed the value of the springs property. The premises were represented to be in good repair, and he was prevented from examining them by reason of the plaintiff's having locked up the

houses and carried off the keys until the contract was made. The defendant paid $2,500 in cash, and gave his note for $7,500 as the balance of the purchace money. When he examined the premises, he found them out of repair and in a very dilapidated condition. and he expended a very large sum of money in repairing them. The purchase was induced and made by reason of these false and fradulent representations. Defendant prayed a rescission of the contract; that the plaintiff be decreed to pay him the amount expended in repairing the premises and the amount which he had paid on the purchase money. He offered to account for and pay the rents.

Held, that the allegations in the equitable plea were sufficient to authorize the relief prayed for, although no insolvency was alleged.

(a) This case differs from those in 50 Ga., 455; 53 Id., 18; 60 Id., 338.

(b) The plaintiff having brought his action of ejectment i Catoosa county, this gave the superior court of that county jurisdiction, under proper pleadings. by the defendant to hear and determine the controversy between the parties; and the defendant was not compelled to go to another county, where the plaintiff lived, and there file a bill for the recission of the contract. Huff *vs.* Markham, 72 Ga. (in press)·

Judgment reversed.

R. J. McCamy; Hackett & Anderson, for plaintiff in error.

McCutchen & Shumate, for defendant.